David L. **SANDERS**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 49S00–8702–CR–206.

Supreme Court of Indiana.

Sept. 13, 1988.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

David L. Sanders was convicted of armed robbery and resisting a law enforcement officer, and was found to be a habitual offender. This direct appeal claims that the evidence is insufficient to support his conviction for armed robbery and that exhibits were improperly admitted during the habitual offender phase.

While riding his bicycle around his neighborhood, the thirteen year old victim saw a man walking in his path and turned attempting to avoid the man. The man stepped in front of the bicycle, grabbed the handlebars, and stopped the bicycle. The man yelled in a loud voice for the boy to "get off the bike" and held an open knife in his hand only seven inches from the boy. Afraid that the man would cut him with the knife, the boy got off of his bicycle and watched the man ride away on the bicycle. The boy told his father of the incident and the two of them then reported the incident to a deputy sheriff. The boy shortly thereafter identified the defendant as the man who had taken his bicycle.

Arguing the absence of proof that he took the bicycle by force, or threat of force, or that he used a knife in any type of threatening manner, defendant first contends that the mere presence of the knife without actual violence taking place or without any verbal threat to use the knife in order to obtain the bicycle does not amount to "using or threatening force" or "by putting in fear". He also asserts that the victim is an inherently unbelievable witness.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Applying this standard, we find the evidence is ample to prove that defendant by using a deadly weapon obtained the bicycle by using force, threatening to use force or putting the victim in fear. We also reject defendant's claim that the victim witness was inherently unbelievable. This argument is wholly unsupported by the record.

Defendant next contends that certain exhibits admitted during the habitual offender phase were not sufficiently identified as referring to the same person as defendant. He is mistaken. In addition to photographs attached to the questioned exhibits, Officer Wefler testified that fingerprint samples on the exhibits matched those obtained from the defendant. We find no error on this issue.

JUDGMENT AFFIRMED.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.